IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNADETTE T. SUHOSKI, )
 )
        Plaintiff, )
 )
  -vs- ) Civil Action No. 16-1919
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 12) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she had been disabled since October 1, 2010. (ECF No. 8-8, pp. 2, 4). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on June 2, 2016. (ECF No. 8-4). On June 22, 2016, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-3, pp. 5-19).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all of her administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Listing 12.05(C)

Plaintiff's first argument is that the ALJ erred in failing to properly consider whether Plaintiff's intellectual deficits met or equaled the requirements of Listing 12.05(C). (ECF No. 11, pp. 13-20). In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (intellectual disability). *See,* 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides, in relevant part:

3

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05(C). To be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The ALJ found that "the preponderance of evidence fails to establish manifestations of deficits in *adaptive function* to satisfy the capsule definition of Intellectual Disability…." (ECF No. No. 8-3, p. 11)(emphasis in original). Plaintiff suggests that the ALJ erred in this regard because she was not required to show deficits in adaptive functioning. (ECF No. 11, pp. 13-15). Rather, Plaintiff suggests that she only was required to show the criteria in 12.05C and not the introductory paragraph. *Id.* I disagree.

As the disjunctive language of the Listing indicates, the required level of severity for this disorder is met when the requirements of both the introductory paragraph and paragraph A, B, C *or* D of the Listing are satisfied. *See Gist v. Barnhart*, 67 Fed Appx. 78, 81 (3d Cir. 2003) ("As is true in regard to any 12.05 listing, before demonstrating the specific requirements of Listing 12.05C, a claimant must show proof of a 'deficit in adaptive functioning' with an initial onset prior to age 22."); *see also Osborne v. Colvin*, No. CV15-359, 2015 WL 12550918, at *3, n.2 (W.D. Pa. Oct. 7, 2015); *Jones v. Colvin*, Civ. Case No. 14-cv-00282, 2015 WL 3646313, at *5 (W.D. Pa. June 10, 2015); *Curtis v. Colvin*, Civ. Case No. 14-54-E, 2015 WL 1488925, at *4 (W.D. Pa. Mar.

31, 2015); *Dignall v. Colvin*, Civ. Case No. 13-1572, 2015 WL 853679, at *4 (W.D. Pa. Feb. 26, 2015); *Shaw v. Astrue,* Civ. Case No. 11-139, 2012 WL 4372521, at *4 (W.D. Pa. Sept. 24, 2012). Thus, to satisfy Part C, Plaintiff must have: 1) significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during developmental period (i.e., before age 22); 2) a valid verbal, performance, or full scale IQ of 60 through 70, and 3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C. Consequently, I find no error on the part of the ALJ in requiring Plaintiff to provide evidence of significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during developmental period.

Additionally, after a review of the record, I find there is substantial evidence of record to support the ALJ's determination that Plaintiff failed to establish manifestations of deficits in adaptive functioning. (ECF No. 8-3, pp. 8-12). Specifically, the ALJ set forth that he used the method used by the American Psychiatric Association (APA), as defined in the *Diagnostic and Statistical Manual of Mental Disorder, Fifth Edition,* to evaluate "adaptive functioning." *Id.* at p. 10-11, n. 1. Then, the ALJ applied that specifically to the facts of the case. *Id.* at pp. 10-12. I find the ALJ's conclusion is supported by substantial evidence. *Id.* Therefore, remand is not warranted on this basis.

### C.     Residual Functional Capacity ("RFC ") [2]

Plaintiff next asserts the ALJ erred in weighing the opinion evidence of Drs. Priola, Marion and Pacella when formulating her RFC.[3] (ECF No. 11, pp. 20-25). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3]The ALJ found that Plaintiff has the RFC to perform light work but with certain limitations. (ECF No. 8-3, pp. 12-17).

opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where. . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were conflicting medical opinions. (ECF No. 8-3, pp. 12-17). The ALJ gave Dr. Priola's opinion little weight because it was unsupported by the medical evidence (both internally and with other medical evidence), unsupported by non-medical evidence of record, and because his opinion appears to rest on an assessment of an impairment outside of his expertise. (ECF No. 8-3, pp. 14-17). The ALJ gave Drs. Pacella and Marion little weight because they were internally inconsistent and inconsistent with other evidence of record. (ECF No. 8-3, p 15). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find there is substantial evidence of record to support the ALJ's weighing of these opinions. *See,* ECF No. 8-3, pp. 5-19. Consequently, I find no error in this regard.[4]

In contrast, the ALJ gave great weight to the opinion of Dr. Jonas. (ECF No. 8-3, p. 15). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Plaintiff appears to argue that the ALJ erred in relying on Dr. Jonas' opinion opinions because he did not review subsequent records that were created after his report was prepared. (ECF No. 11, p. 21). I disagree. An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). I find the ALJ properly considered the opinions of the state agency medical consultants in accordance with 20 C.F.R. §§416.927(e), 404.1527(e). The

---

[4] I note that the ultimate decision of disability as it relates to social security claims is reserved solely for the ALJ. 20 C.F.R. §§404.1527, 416.927. Thus, the ALJ was not required to give opinions as to the ultimate decision of disability any weight or special significance. Therefore, I find no error in this regard.

ALJ gave Dr. Jonas' opinion great weight because it was "well-supported by the substantial evidence of record, including that, which was received at the hearing level." (ECF No. 8-3, p. 15). Based on the opinion as a whole, I find these are valid and acceptable reasons. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, after a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record. (ECF No. 8-3, pp. 12-17). Therefore, I find no error in this regard on the part of the ALJ.

Plaintiff also suggests that the ALJ was "cherry picking" evidence to support his RFC. Contrary to Plaintiff's position, I find that the ALJ appropriately discussed those portions of the record while weighing the evidence. 20 C.F.R. §404.1527. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. Consequently, I find no error in this regard and remand is not warranted on this basis.

        **D.**        **Plaintiff's Credibility and the Credibility of a Lay Witness (Ms. Lalama)**

Plaintiff also argues that the ALJ erred by failing to properly evaluate the credibility of Plaintiff and Ms. Lalama (a lay witness). (ECF No. 11, p. 25). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* In evaluating whether a plaintiff's

statements are credible, the ALJ will consider all evidence including that from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the credibility of Plaintiff. Throughout his decision, the ALJ considered the factors set forth above at length. (ECF No. 8-3, pp. 5-19). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to Plaintiff's complaints and found them to be not entirely consistent. *Id.* Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely consistent. *Id.* The ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Therefore, I find no error in this regard.

Plaintiff's friend, Lena Lalama, also testified at the hearing. (ECF No. 8-4, pp. 26-35). The ALJ gave her testimony little weight because she is not medically trained to argue the severity of Plaintiff's symptoms and because her statements were inconsistent with the medical evidence. (ECF No. 8-3, pp. 13, 17). After a review of the record, I find there is substantial evidence to support this finding of the ALJ. (ECF No. 5-10 and 5-11). Therefore, I find no error in this regard.

### E.    Jobs in the National Economy

Finally, Plaintiff asserts that the ALJ erred in finding that a significant number of jobs exist in the national economy that she could perform.  (ECF No.  11, pp. 25-27).   Specifically, Plaintiff suggests that the vocational expert ("VE") identified three jobs Plaintiff could perform but that each requires a reasoning level of SVP:2 under the Dictionary of Occupational Titles ("DOT") and that under the ALJ's RFC, Plaintiff is limited to a reasoning level of routine, repetitive tasks or an SVP:1. (ECF No.  11, pp. 25-26).   The Third Circuit has held that a reasoning level of SVP:2 does not contradict a restriction to simple, routine and repetitive tasks.  *Money v. Barnhart,* 91 F.Appx. 210, 215 (3d Cir. 2004); *cf. Zirnsak v. Colvin,* 777 F.3d 607, 618 (3d Cir. 2004)(declining to hold a *per se* conflict between a reasoning level SVP:3 and "simple and repetitive tasks involving routine work"). As a result, I find Plaintiff's argument in this regard without merit.

Plaintiff also suggests the ALJ erred in failing to incorporate any limitations regarding her concentration, persistence or pace.  (ECF No.  11, pp. 26-27).  The ALJ asked the ALJ to consider an individual limited to, *inter alia,* "[p]erforming only routine, repetitive tasks, requiring only occasional judgment, decision-making and workplace changes and only occasional interaction with the public, co-workers and supervisors."  (ECF No. 8-4, pp. 36-37).  Such restrictions have repeatedly been found sufficient to accommodate limitations in concentration, persistence, and pace by the Third Circuit. *See, e.g., McDonald v. Astrue,* 293 F. App'x 941, 946-47 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration.... Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.' "); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5

(W.D.Pa. Sept. 18, 2013)("restriction to simple, routine tasks accounted for the claimant's moderate limitations in concentration, persistence and pace"); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace."); *Hart v. Colvin,* No. 13–5, 2013 WL 4786061, *9 (W.D.Pa. Sept.6, 2013) ("Hart's concentration-related difficulties were accommodated by the limitations permitting the performance of only simple, routine, repetitive tasks."). Based on the above, I find ALJ's hypothetical was not in error and no additional RFC restriction was necessary to accommodate Plaintiff's concentration, persistence and/or pace impairments. Therefore, remand on this basis is not warranted.

       An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNADETTE T. SUHOSKI, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No.   16-1919
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 5th day of February, 2018, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                BY THE COURT:

                s/   Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.